MORRIS W. COCHRAN v. HENRY J. ENSWEILER, JR., WALTER ARNDT AND THE BOARD OF COMMISSIONERS OF THE COUNTY OF LAKE, J. J. FORSZT, MARTIN BEHNKE AND STANLEY OLSZEWSKI.

[No. 3-474A64. Filed September 16, 1974.]

*Albert C. Hand, Michael L. Muenich,* of Hammond, for appellant.

*Bernard M. Tetek, Gerald N. Svetanoff,* of Gary, for appellees Ensweiler and Arndt, *Joseph Skozen,* of Hammond, for appellees Board of Commissioners.

PER CURIAM—This cause is pending before us on the Motion of the appellees Henry J. Ensweiler, Jr., and Walter Arndt, to Affirm the Judgment of the trial court. Said motion alleges as cause therefor, *inter alia,* that the questions sought to be presented on appeal require a consideration of the evidence for their resolution and that the evidence in this cause is not a part of the record herein because the bill of exceptions (record of the proceedings at trial) has never been filed with the clerk of the trial court and made a part of the record herein. We have examined the record of the proceedings herein and find appellees' allegations to be true.

This cause began on October 11, 1973, by plaintiffs-appellees Ensweiler and Arndt filing a complaint for Injuncton and Restraining Order Without Notice against the defendants-appellees, The Board of Commissioners of the County of Lake, Forszt, Behnke and Olszewski (hereinafter Board). It appears from plaintiffs' complaint that plaintiffs were members of a class of persons who had filed with Board a petition to incorporate certain territory in Lake County as the town of Lake Ridge; that subsequent to the filing of plaintiffs' petition to incorporate the town of Lake Ridge, others had filed a petition with Board to incorporate the town of Ross Park, and that the territory of the proposed town of Ross Park was a part of the same territory plaintiffs were seeking to have incorporated as the town of Lake Ridge. Plaintiffs alleged that Board would move to incorporate the territory into the town of Ross Park on October 15, 1973, which incorporation would be illegal, contrary to law, and would affect plaintiffs' pending petition to incorporate Lake Ridge, all to the plaintiffs' immediate, direct and irreparable harm and injury. Plaintiffs prayed the Court to enjoin Board from taking any action toward the incorporation of Ross Park, and further prayed for a restraining order without notice. The Court issued a

temporary restraining order without notice as prayed and set a hearing for October 18.

On October 15, the Appellant-Intervenor filed his Motion to Intervene alleging that he was acting on behalf of the incorporators of the proposed town of Ross Park, that they should be permitted to intervene to protect the interests of the incorporators of the proposed town of Ross Park. Thereafter on October 18, Intervenor filed his Motion to Dismiss the plaintiffs' complaint and vacate the Temporary Restraining Order previously issued. Briefly stated, the Motion to Dismiss alleged (1) plaintiffs failed to state a claim on which relief could be granted; (2) plaintiffs failed to name the real party in interest; (3) the trial court lacked jurisdiction because plaintiffs had an adequate remedy at law; (4) the plaintiffs' actions were premature; and (5) plaintiffs have waived their remedies at law and may not gain relief in equity.

The trial court's judgment recites that the Intervenor filed his Motion to Dismiss with request that a ruling on the motion be deferred until completion of the evidence in the cause; that the trial of the action on its merits be advanced and consolidated with the hearing on the temporary injunction; cause submitted, evidence heard, arguments heard, court finds Intervenor's Motion to Dismiss should be denied. The judgment continues to recite the facts adduced by the evidence and then enjoined the defendants from reaching or making any decision or issuing any ruling in regard to the incorporation of the proposed town of Ross Park, pending final disposition of all unresolved litigation pertaining to the petition for incorporation of the proposed town of Lake Ridge.

The appellant has preserved several errors which are identified as points "C." and "D." in this motion to correct errors. These points are also argued in appellant's brief.

Point "C." alleges that the trial court erred in overruling the Motion to Dismiss of the intervenor in that the court

lacked jurisdiction to enter these proceedings which error was contrary to law. Point "D." alleges the trial court erred in overruling the Motion to Dismiss made by the intervenor in that the plaintiffs had adequate remedies at law.

Appellant's argument in his brief is divided into Point I, subsections A, B, C, and D, and Point II.

Point I and subsection A are headnoted as follows:

"I

"THE PRESCRIBED, STATUTORY PROCEDURE FOR THE INCORPORATION OF THE TOWN OF ROSS PARK MAY NOT BE CIRCUMVENTED AND ATTACKED COLLATERALLY BY A COMPLAINT FOR, AND GRANTING OF, INJUNCTIVE RELIEF.

"A.

"THE TRIAL COURT LACKED JURISDICTION TO ENJOIN THE LAKE COUNTY COMMISSIONERS FROM PROCEEDING WITH THE INJUNCTIVE RELIEF."

In this section, appellant argues that as a result of the filing of the petition to incorporate the town of Ross Park, the Board of Commissioners of the County of Lake had acquired exclusive jurisdiction over the subject matter of incorporation and the Lake Superior Court was without jurisdiction to enjoin those proceedings. This argument presents a matter of law, not of fact, and the transcript of the evidence is not needed to determine this issue.

Subsection B. of appellants' argument under Point I is headnoted as follows:

"B.

"THE INJUNCTION ISSUED BY THE TRIAL COURT WAS CONTRARY TO LAW IN THAT THE PLAINTIFFS HAD AN ADEQUATE REMEDY AT LAW"

Under this subsection, appellant argues that the applicable statutes (IC 18-3-1-8, Ind. Ann. Stat. § 48-136 [Burns Supp. 1974], and IC 18-3-1-11, Ind. Ann. Stat. § 48-139 [Burns Supp. 1974]) provide the plaintiffs with adequate remedies at law by way of appearing at hearings, by filing remon-

strances, by presenting evidence and by review of the Commissioners' actions via appeal. Since the plaintiffs were provided adequate remedies at law, they were therefore not entitled to injunctive relief. This argument also presents a question of law, not fact, and does not require a consideration of the evidence for its decision.

Subsection C. of appellant's argument under Point I is headnoted as follows:

"C.
"WHEN THE LEGISLATURE GAVE THE RIGHT TO APPEAL IN THE ENACTING LEGISLATION, IT EXCLUDED ALL OTHER REMEDIES."

Under this subsection appellant argues that the statutes that set forth the procedure to be followed in incorporating new towns specifically provide for a method of appeal to the courts; that when the right to appeal is given in the enacting statute it excludes all other remedies; that the injunctive relief sought by the plaintiffs was specifically excluded, and the injunctive relief granted to the plaintiffs was contrary to law. Again, this argument presents a question of law, not fact, and the transcript of the evidence is not needed to determine this issue.

Subsection D of Point I is headnoted as follows:

"THE GRANTING OF A 'MIDNIGHT INJUNCTION' TO PLAINTIFFS, WHO HAD VIOLATED THE CIVIL AND CONSTITUTIONAL RIGHTS OF THE INTERVENORS, WAS CONTRARY TO LAW."

Under this subsection, appellant argues matters of fact, alludes to the evidence presented at the trial of the cause and to other litigation between the parties in another court. This court would need to consider the evidence in order to decide the issues raised under this point. Since the evidence was not filed and made a part of the record, nothing is presented to us by this argument.

Point II is headnoted as follows:

"II

## "THERE WAS INSUFFICIENT EVIDENCE BEFORE THE TRIAL COURT TO SUSTAIN THE ISSUANCE OF INJUNCTIVE RELIEF."

This argument obviously requires a consideration of the evidence for its decision. Again, since the evidence was not made a part of the record, it is not before us and therefore nothing is presented by this argument.

In summary, the foregoing analysis of the appellant's arguments reveals that Point I, subsections A, B, and C do not require this Court to have before it the transcript of the evidence in order to decide the issues raised in those arguments.

Point I, subsection D and Point II do require a consideration of the evidence in order to decide the issues raised. Since the evidence is not a part of the record, nothing is presented to us by these points.

The motion of the appellees Henry J. Ensweiler, Jr., and Walter Arndt to Affirm the Judgment of the trial court is denied. Our opinion on the merits of this cause will be confined to those arguments in appellant's brief under Point I, subsections A, B and C.

NOTE.—Reported at 316 N.E.2d 581.